UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**CYNTHIA FOSS,**                   )
                                    )        CIVIL ACTION
            **Plaintiff,**          )
                                    )        NO. 18-40010-TSH
        v.                          )
                                    )
**MARVIC D/B/A BRADY-BUILT**        )
**SUNROOMS,**                       )
                                    )
            **Defendant.**          )
_____ )

## MEMORANDUM AND ORDER ON DEFENDANT'S AMENDED MOTION TO DISMISS (Docket No. 23)

**March 19, 2019**

**HILLMAN, D.J.**

Cynthia Foss ("Plaintiff") filed an Amended Complaint, (Docket No. 20), asserting copyright infringement (Count I), tortious interference with an advantageous business relationship (Count II), conversion (Count III), unfair and deceptive business practices (Count IV), breach of contract (Count V), and fraud and breach of fiduciary duty (Count VI). Marvic ("Defendant") subsequently moved to dismiss Counts I and V for failure to state a claim. (Docket No. 23). For the reasons below, Defendant's motion is ***granted*** in part and ***denied*** in part.

## Background

The factual background is taken from Plaintiff's Complaint and assumed to be true at this stage in the litigation.

In October 2006, Plaintiff entered into a contract with Defendant to create artwork for Defendant's catalogue. In March 2018, Plaintiff registered the brochure with the Federal

Copyright Office. Plaintiff claims that Defendant subsequently breached the contract and infringed on Plaintiff's copyright by modifying Plaintiff's work and continuing to use it without her permission. In addition, Defendant did not compensate Plaintiff for the continued use.

On February 26, 2019, this Court stayed this litigation in light of a case pending before the Supreme Court that had the potential to be dispositive of Plaintiff's copyright claims. (Docket No. 46); s*ee also Fourth Estate Public Benefit Corp. v. Wall-Stree.com, LLC*, No. 17-571, 2019 WL 1005829 (U.S. Mar. 4, 2019).

### **Legal Standards**

*1. Motion to Dismiss*

A defendant may move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement t relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007). Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000). It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129

S.Ct. 1937 (2009) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). On the other hand, a court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

Because Plaintiff appears pro se, we construe her pleadings more favorably than we would those drafted by an attorney. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Nevertheless, Plaintiff's pro se status does not excuse her from complying with procedural and substantive law. *See Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997).[1]

## Discussion

### 1. Copyright Infringement (Count I)

"The holder of a valid [visual art] copyright possesses exclusive rights to reproduce and distribute not only exact 'copies' of the [work] but also 'derivative works' based upon it." *Coquico, Inc. v. Rodriguez-Miranda*, 562 F.3d 62, 66 (1st Cir. 2009) (quoting 17 U.S.C. § 106). "A person who trespasses upon any of these exclusive rights may be held liable for copyright infringement." *Id.* (citing 17 U.S.C. § 501).

"To prevail on a copyright infringement claim, a party must prove both control of a valid copyright and copying of original elements of the work by the putative infringer." *Id.* (citing *Feist Publ'ns. Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282 (1991)).

With respect to the first prong and pursuant to 17 U.S.C. § 411(a), "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."

---

[1] Although Plaintiff is now represented by counsel, she was pro se when she filed her Complaint. Thus, the Court will construe her pleadings more favorably.

In *Fourth Estate*, the Supreme Court clarified that "'registration . . . has been made' within the meaning of 17 U.S.C. § 411(a) not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application. 2019 WL 1005829, at *7.

Because the Copyright Office has not acted upon Plaintiff's application for a copyright, Count I must be dismissed.

## 2. Breach of Contract (Count V)

In order to state a claim for breach of contract, a plaintiff must allege the existence of a contract, his compliance with its terms, breach, and damages. *See* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1235 at 393 (hereinafter "Wright & Miller"). "Rule 8(a) does not require a plaintiff to plead these elements in detail . . . and the official Forms to the Rules of Civil Procedure demonstrate that a valid contract complaint can be very brief." *Moore v. La-Z-Boy, Inc.*, 2007 WL 1858624, at *1 (D. Mass. June 27, 2007) (quoting *Am. Realty Trust v. Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d 744, 753 (N.D. Tex. 2005). Nevertheless, a complaint must describe the alleged terms of the contract with enough specificity to provide a defendant with the requisite notice of the nature of the claim. Thus, a claim for breach of a written contract must either (1) quote pertinent contractual language; (2) contain a copy of the contract as an attachment; or (3) summarize the contract's purported legal effect. *See* Wright & Miller § 1235; *Moore*, 2007 WL 1858624, at *1.

Plaintiff alleges that the parties entered into a service and performance contract in 2006 and that she performed her duties. She further alleges that Defendant breached the contract by modifying her artwork without obtaining the requisite consent and using that artwork for profit. Plaintiff has done enough to summarize the contract's purported legal effect and provide

Defendant notice of the nature of the claim. In other words, Plaintiff's complaint contains a "short and plain statement . . . showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a).

### Conclusion

For the reasons stated above, Defendant's motion is ***granted*** in part and ***denied*** in part.

**SO ORDERED**

                                            ***/s/ Timothy S. Hillman***
                                            **TIMOTHY S. HILLMAN**
                                            **DISTRICT JUDGE**