```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

_____
                                    )
**CYNTHIA FOSS,**                   )
         **Plaintiff,** )    **CIVIL ACTION**
**v.**                              )    **NO. 4:18-40010-TSH**
                                    )
**MARVIC D/B/A BRADY-BUILT**        )
**SUNROOMS,**                       )
         **Defendant.**  )
_____)

## ORDER AND MEMORANDUM ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Docket No. 63 & 65)

### December 5, 2019

**HILLMAN, D.J.**

    Cynthia Foss ("Plaintiff") filed this action against Marvic ("Defendant"), alleging copyright infringement, tortious interference with advantageous business relations, conversion, unfair and deceptive business practices, breach of contract, and fraud and breach of fiduciary duty. (Docket No. 20). The Court dismissed Plaintiff's copyright infringement claim on March 19, 2019. (Docket No. 49). Defendant now moves for summary judgment on Plaintiff's remaining claims. Plaintiff moves for summary judgment on her copyright claim. Because Plaintiff has failed to establish a prima facie case of tortious interference with advantageous business relations, conversion, unfair and deceptive business practices, breach of contract, or fraud, the Court ***grants*** Defendant's motion. (Docket No. 65). Because this Court has already dismissed Plaintiff's copyright claim, the Court ***denies*** Plaintiff's motion. (Docket No. 63).

**Background**

Plaintiff performed graphic design work on a catalog for Defendant in October 2006. (Docket No. 20 at 2–3). The parties did not have a written contract, and Plaintiff did not inform Defendant at the time that she owned all rights to the work or that Defendant needed her permission to modify it. (Docket Nos. 51-1, 53). Defendant continued to print and use Plaintiff's work in subsequent years, and in 2011, Defendant modified it without Plaintiff's knowledge or consent. (Docket No. 20 at 3). Plaintiff became aware of the modification on August 12, 2016. (Docket No. 64 at 2). She sent a 93A demand letter asserting her rights on November 29, 2017. (Docket Nos.17-4 at 5, 64 at 2).

Plaintiff filed a complaint with this Court on January 22, 2018.[1] (Docket No. 1). After a complicated litigation history, this Court dismissed Plaintiff's copyright infringement claim on March 19, 2019. (Docket No. 49). Only her tortious interference with advantageous business relations, conversion, unfair and deceptive business practices, breach of contract, and fraud and breach of fiduciary duty claims remain.

On May 2, 2019, Defendant served Requests for Admission on Plaintiff. (Docket Nos. 51 at 1, 71-1 at 1). Plaintiff did not respond, and Defendant moved on July 8, 2019, to admit these admissions into the record. (Docket No. 51). The Court granted the motion as unopposed on August 13, 2019. (Docket No. 53). The Court denied Plaintiff's subsequent motion, filed over a month later, for reconsideration. (Docket Nos. 68, 74).

The parties now move for summary judgment.[2] (Docket No. 63 & 65).

---

[1] She amended that complaint on August 9, 2018, to allege additional grounds of relief. (Docket No. 20).
[2] Plaintiff also requests an order compelling arbitration in her motion for summary judgment. (Docket No. 63 at 2). But this Court already denied a separate motion to arbitrate

2

**Legal Standard**

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." An issue is "genuine" when a reasonable factfinder could resolve it in favor of the nonmoving party. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994). A fact is "material" when it may affect the outcome of the suit. *Id.*

When ruling on a motion for summary judgment, "the court must view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Scanlon v. Dep't of Army*, 277 F.3d 598, 600 (1st Cir. 2002) (citation omitted).

**Discussion**

*1. Count I (Copyright Infringement)*

Plaintiff appears to move for summary judgment on her copyright infringement claim. (Docket No. 63). This Court, however, dismissed Plaintiff's copyright claim on March 19, 2019. (Docket No. 49). The Court therefore ***denies*** Plaintiff's motion as moot.

*2. Count II (Tortious Interference with Advantageous Business Relations)*

Defendant moves for summary judgment on Plaintiff's tortious interference claim. (Docket No. 65 at 5). To prevail on a claim for tortious interference with an advantageous business relationship, a plaintiff must prove "(1) he had an advantageous relationship with a third party (e.g., a present or prospective contract or employment relationship); (2) the defendant knowingly induced a breaking of the relationship; (3) the defendant's interference with the relationship, in addition to being intentional, was improper in motive or means; and (4) the

---

filed by Plaintiff (Docket No. 70), and in any event, she does not offer any support for her request.

plaintiff was harmed by the defendant's actions." *Blackstone v. Cashman*, 448 Mass. 255, 260 (2007).

Here, even viewing all the evidence in a light most favorable to Plaintiff, Plaintiff cannot establish a prima facie case of tortious interference.[3] Plaintiff has not identified any advantageous relation with a third party or submitted any evidence showing that Defendant knew of such a relation and intentionally interfered with it. (Docket No. 20 at 3). Moreover, because the Court granted Defendant's unopposed motion to admit the requests for admission, Plaintiff has conceded that she "possesses no evidence to support her conclusion" that Defendant interfered with her business or caused her to lose business opportunities, i.e., she cannot show harm. Because no reasonable juror could find in Plaintiff's favor on this record, the Court **_grants_** summary judgment in Defendant's favor on Count II.

### 3. Count III (Conversion)

Defendant moves for summary judgment on Plaintiff's conversion claim. (Docket No. 65 at 5–6). To prevail on a claim for conversion, a plaintiff must prove "(1) the defendant intentionally and wrongfully exercised control or dominion over the personal property; (2) the plaintiff had an ownership or possessory interest in the property at the time of the alleged conversion; (3) the plaintiff was damaged by the defendant's conduct; and (4) if the defendant legitimately acquired possession of the property under a good-faith claim of right, the plaintiff's demand for its return was refused." *Evergreen Marine Corp. v. Six Consignments of Frozen Scallops*, 4 F.3d 90, 95 (1st Cir. 1993); *see also Magaw v. Beals*, 272 Mass. 334, 338–40 (1930).

---

[3] In her opposition, Plaintiff does not address the substance of Defendant's argument regarding Count II. She merely states the elements of a tortious interference claim without offering evidence on any element. (Docket No. 69 at 9).

Plaintiff has conceded that she did not inform Defendant that she owned all rights to the graphic images or that Defendant needed her permission to modify the work. (Docket Nos. 51-1 at 2–3, 53). Plaintiff has also conceded that she "possesses no evidence to support her conclusion" that Defendant intended to deprive her of her property. (Docket Nos. 51-1 at 2, 53). Given these concessions, no reasonable juror could find that Defendant intentionally and wrongfully exercised control or dominion over her property. Thus, the Court **_grants_** Defendant's motion for summary judgment on Count III.

### 4. *Count IV (Unfair and Deceptive Business Practices)*

Defendant moves for summary judgment on Plaintiff's unfair and deceptive business practices claim. (Docket No. 65 at 6–7). Section 11 of Chapter 93A of the Massachusetts General Laws "bestows a right of action on '[a]ny person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal,' as a result of the unfair or deceptive act or practice, or unfair method of competition, of another person who engaged in trade or commerce." *Auto Flat Car Crushers, Inc. v. Hanover Ins. Co*., 469 Mass. 813, 822 (2014) (quoting M.G.L. c. 93A § 11).

The unfair act alleged by Plaintiff is the knowing use of work without her permission. (Docket No. 20 at 4). Plaintiff, however, has conceded that she did not inform Defendant in 2006 that she owned all rights to her work or that Defendant needed her permission to modify it. (Docket Nos. 51-1 at 2–3, 53). She only informed Defendant of her alleged rights in her November 29, 2017, demand letter. (Docket No. 64 at 2). As she has not otherwise offered any evidence that Defendant knew it was wrongfully using her work without her permission prior to

this communication, no reasonable juror could find that Defendant engaged in unfair business practices before November 29, 2017.[4]

And in any event, Plaintiff's claim relies on Defendant not being allowed to use and modify her work without permission. But Plaintiff has conceded that, "if a contract or agreement existed between" the parties, "the contract or agreement did not require [Defendant] to obtain consent of the Plaintiff before using and/or modifying the [P]laintiff's work." (Docket No. 51-1 at 2, 53). As no reasonable juror could find that Defendant's practices were unfair under these circumstances, the Court ***grants*** summary judgment in Defendant's favor on Count IV.

### 5. *Count V (Breach of Contract)*

Defendant moves for summary judgment on Plaintiff's breach of contract claim. (Docket No. 65 at 7–8). Plaintiff premises her claim on Defendant's use and modification of her work. (Docket No. 20 at 4). But as noted above, Plaintiff has conceded that, "if a contract or agreement existed between" the parties, "the contract or agreement did not require [Defendant] to obtain consent of the Plaintiff before using and/or modifying the [P]laintiff's work." (Docket No. 51-1 at 2, 53). Because no reasonable juror could find that Defendant breached the contract, even if a contract existed, the Court ***grants*** summary judgment on Count V.

### 6. *Count VI (Fraud and Breach of Fiduciary Duty)*

Defendant moves for summary judgment on Plaintiff's fraud and breach of fiduciary duty claim. (Docket No. 65 at 8). Plaintiff withdraws her allegations of breach of fiduciary duty but maintains her claim of fraud. (Docket No. 69 at 10). To prevail on a claim of fraud, a plaintiff must prove "that the defendant made a false representation of a material fact with knowledge of

---

[4] Plaintiff also cannot establish a Chapter 93A claim for the ensuing period. Despite making general allegations of continued use to the present, Plaintiff has failed to offer any evidence that she suffered a loss specifically related to use after November 29, 2017.

6

its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to his damage." *Danca v. Taunton Sav. Bank*, 385 Mass. 1, 8 (1982) (quoting *Barrett Assocs. v. Aronson*, 346 Mass. 150, 152 (1963)).

The alleged false representation is a letter from Defendant stating that it believed it only owed $2,000.00 for 11 years of exclusive use. (Docket No. 20 at 5). Plaintiff has not offered any evidence that Defendant knew this statement was false. Indeed, Plaintiff has conceded that she did not inform Defendant that she owned all rights to the work or that Defendant needed her permission to modify the work. (Docket No. 51-1 at 2–3, 53). Plaintiff has also not offered any evidence that she relied on this false representation to her detriment. In her amended complaint, Plaintiff suggests that she relied on the representation in providing the final copy of the work to Defendants. (Docket No. 20 at 5). But Defendant made this representation after Plaintiff informed Defendant of her rights in her November 29, 2017, demand letter, and Plaintiff provided Defendant with the work in October 2006. As she could not have relied on a representation made eleven years in the future when she submitted the work to Defendant, no reasonable juror could find for Plaintiff on this claim. The Court therefore ***grants*** Defendant's motion for summary judgment on Count VI.

## Conclusion

For the reasons stated above, the Court ***grants*** Defendant's motion for summary judgment (Docket No. 65) and ***denies*** Plaintiff's motion for summary judgment (Docket No. 63). Defendant is entitled to judgment as a matter of law as to Counts II, III, IV, V, and VI.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**